The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to give their state the United States and this Honorable Court. Thank you and good morning. Judge Wynn and I are pleased to welcome Judge Volk from the Southern District of West Virginia to sit with us today and we'll hear the case of Folkes v. Warden 2162-17. Mr. Ross, I think you're up first. Thank you, Your Honor. May I please the court? In our federal system, state courts play the lead role in protecting the constitutional rights of defendants in their criminal justice proceedings. Under AEDPA, if a constitutional claim has been rejected on the merits in state court, that decision is entitled to substantial deference. Federal habeas relief is warranted only if the And that means a habeas petition of Wynn's only if he can show that no fair-minded jurist would agree with the state court. In this case, the district court didn't apply that standard. It should be reversed because it showed no deference to the state court's rejection of this plan, much less the deference required under AEDPA. Now, before I go any further, I want to make one point clear. This is not a situation where a state decision sweeps by and survives scrutiny simply because it's not un-elusive. The state court's application of Supreme Court precedent in this case was not just reasonable, it was the correct application. In 2008, Mr. Folkes was convicted of assault and battery with intent to kill. He slid another man's throat in a fight at a public park in Columbia, South Carolina. On appeal, his attorney argued that the trial court erred in refusing to provide additional jury instructions on a lesser-included offense. So, look, I want to ask you a question. It seems to me the issue in this case comes down to how we define what is the issue here. Judge Gergel took the position, it seems to me, that if the case is presented, that is, the failure to file a rehearing petition, then reversal has to happen. I mean, I think that's correct. But he says the issue is broad because the issue really goes to the question of whether there was proper notice here, and the effect of that as effectiveness of counsel. But you can't really talk about this rehearing petition without really going into the underlying reason for it, which was discussed quite a bit below. So if that's the issue, then how does the analysis go from there, if you accept that's an issue in this case? Both issues are intertwined. Filing a petition for rehearing and notifying a client, both are based on what are the duties of counsel after the state appellate court has ruled. Before you can get to ineffective assistance of counsel, either for filing a petition for rehearing or notifying your client, there has to exist a right to counsel in the first place. So let me understand that so we at least can get to base one. Are you saying that the issue as to whether there was notice to this client, was that fairly presented below? The issue as to whether or not there was notice to the client is dependent upon whether or not there was a right to counsel. I understand that, but before I get there, I want to know, was it an issue that you feel that the court below discussed? And there was, it seems to have been discussed quite a bit. It's not specific to what the issue that the petitioner presents, but it is, Judge Gergel read it as it is definitely a part of this case, and it is an issue in this case. So do you agree with that? Before we get into the question of whether or not there's a basis for it. I disagree with the judge, with the district court's position that there is a distinction between the two, because both are based on, before you can have ineffective assistance of counsel on either one, you have to have the right to counsel in the first place. So if there's no right to counsel. I accept that. I just, I want to move on just to make sure we're clear. I just want to get your position in terms of whether is it an issue. And what I understand you're saying is, it's certainly part and parcel of the same thing. So in essence, it is an issue, but you say, even if it is an issue, there's no right to counsel. It's, it's a distinction that doesn't control resolution in this case. It's an issue that the district court identified, but it's a red herring. It makes no difference as far as the analysis as to whether or not counsel in this case provide an ineffective assistance because there was no right to counsel in the first place. That was a counsel. Let me be sure I understand what your argument is here. As I read the claim presented in the state PCR court and in his 2254 petition, the claim is that appellate counsel was ineffective for failing to file a petition for rehearing, et cetera. That's verbatim, the claim that was made in the state court and in the federal court. And as I read the record, the first time any discussion occurs with regard to some other acts of counsel that may have affected the appellee in this case is when Judge Gergel raises it sui sponte. So my question is under ADPA, what authority did Judge Gergel have to do that? He didn't have any authority. He is limited to the issues that were presented in that petition in that federal habeas petition in the first instance. He has to review the reasonableness of what was presented to the state court. And as your honor noted, that was the issue presented to the state court, the filing of a petition for rehearing. It wasn't so. So what what did you mean when you said it's partial the same issue? What did you mean when you said that a few seconds ago? You told me I asked you about these two separate issues and you said they are part and parcel of the same issue. But it really is a question of right to counsel. What did you mean by that? There's there's a subtle distinction. They both they both are dependent upon a right to counsel existing in the first place. They both can be resolved determining what was when does he write the counsel in. So you can resolve both issues on that basis. So they're similar in that regard. Technically, they are different issues raised and the district court is limited to analyzing the the decision of the state court. And that was the issue presented to the state court. So if the district court raised an issue that that was not raised by the petitioner, either in the state court or as 2254, that ends that issue, doesn't it? I mean, what authority does the district court have to create an issue that was never raised? The district court's reasoning was that implicit in answering that question, you must identify what duties counsel owes to the client. And the right to counsel. Well, I think you need to listen to Judge Age's question in private mind. We think it makes a difference. There seems to be some difference as to whether that issue was presented below. And therefore, by bringing this new issue up, that's not before the court. That sort of ends it. Or if that because because because I think we probably all could agree. And Judge Gergel seems to agree that the failure to file a petition alone is going to be a reversal here. So this issue, the only reason we're probably here is to determine is that second issue properly before the court. And if it is, it wasn't adjudicated on the merits. And that's kind of where we go with it. That issue wasn't even raised in the in the federal habeas petition separate piece of notifying a client after the Court of Appeals issued this decision that wasn't even in the actual federal habeas petition. So you're right. But you know, part of it, even in terms of the issues here, we've got a person who the council abandoned him. Didn't even before anything comes down, goes up to the I mean, I'm assuming that's where you want to go with this. I don't think you started out that way, but I'll take it. That's where you want to go. But let's let's deal with at least the proposition that if the issue of notice was if it could be read to say it was fairly presented, then what would be your position on the adjudication of merits? I'm sorry. Repeat the question, though. If if the issue in so far as the notice that notice was not given the council in here, which is pretty clear, the facts, the council didn't do those things. This while his appeal was was a pending on direct appeal. And before anything came from the the Court of Appeals of South Carolina, the council quits and the office does nothing. So that's Judge Gerber's part. He says, yeah, we can talk about potential rehearing, but the real issue in the case is what this council didn't do. That's that's you know, that that seems to be ineffective assistance of counsel. But the question when it comes up for us, for Havas, is was it an adjudication on the merits? So assume for purposes of argument here, counsel, to follow Judge Wynn that the issue raised by the district court was properly before the district court. Just assume that. So in that circumstance, under these facts, the question is, well, what rights under AEDPA accrued to the defendant at that point, which I assume gets to the distinction between a discretionary appeal and an appeal of right. So why don't you tell us what your position is in that circumstance? I'm sorry, Your Honor. Could you repeat the question? It was well, it is assumed that the issue raised by Judge Gerber is properly before the court. Just assume that for purposes of argument. And if that's the case, what what rights accrue to the defendant under AEDPA at that point, which would seem to me raises the question of what rights accrue in a direct appeal or an appeal that's discretionary. So what we want to know is what's your position in that circumstance? His rights, his rights under AEDPA are a review of the reasonableness of the application of U.S. Supreme Court precedent. And the Supreme Court has been quite clear in identifying the scope of the constitutional right to appellate counsel. First acknowledged it in Douglas versus California, and it held it was quite clear and limiting the scope of that right. It did not address situations beyond the point where the case had once been presented by an attorney and passed upon by an appellate court. So his right to counsel, his right to counsel ends at that point. Isn't it a real issue here whether Judge Gerber was right that this was part of the direct appeal? I mean, when we talk about direct appeal, there is no question that there's a constitutional right to effective counsel. I mean, the United States Supreme Court said that in Smith versus Roberts. So the question is, was this a part of a direct appeal? No, it wasn't. At the point, once the South Carolina Court of Appeals issues its opinion, anything after that is discretionary in nature. A petition for rehearing is a discretionary action. What happens in the time in between? That's that's the issue here. South Carolina Court had not issued its opinion when this lady abandoned the client. And I'll use that word pretty strongly because I think it is very clear she did. Whether or not someone else is due to condense up is no thing. But that's the question here that hasn't been answered really anywhere in terms of that time in between. You know, once you've got it over and the direct appeal is over, that's one thing. That gets you into the failure to file the rehearing. But what happens in between is the question. And why is that not part of the direct appeal? What I would say is the Supreme Court has answered the question in the Douglas case once been presented and passed upon by an appellate court. And the Supreme Court has further made clear that we're precise contours of the constitutional right are not clear where there is some ambiguity. State courts have broad authority to interpret U.S. Supreme Court opinions. That's in the Woods versus Donald case. And the state court in this case was not out in left field and coming to that conclusion. Five federal appellate courts have agreed with the state court's resolution of this case. Perhaps the leading case dealt with this precise issue, dealt with a petition for a rehearing after an intermediate court rejected the claim. That's Jackson versus Johnson. So what do you think of the one court that went the other way, the Sixth Circuit? This court found it persuasive, but it's not persuasive. The reason it's not persuasive, number one, is because the Sixth Circuit in that case was dealing with procedural default of an issue. It wasn't dealing with whether or not ineffective assistance of counsel after the court ruled constitute an affirmative cause of action. Additionally, in the Smith case, the Sixth Circuit did not address Douglas. It did not address Ross versus Moffitt. It did not address Wainwright versus Torna. And it simply can't be a persuasive case if it's not addressing the source of these constitutional rights. And those cases are the source of the constitutional rights. And I would also point out that when there is disagreement, that shows that the state court's interpretation was not unreasonable. Let me ask you one last question real quick. And that is, in this case, would the outcome of this be that in any case that a criminal defense counsel is representing a client, that once they file it in the state court of appeals of South Carolina, they can just abandon that case. They don't have to do anything. Because from what I understand is, from your perspective, there's no right to counsel any further. They don't have any duties to do anything. And from, you know, why do anything else? I mean, is that the outcome here? That in every case, I don't see how we escape that. That a criminal defendant, once you get this case, why don't you just abandon it? Let it go to the South Carolina Supreme Court of Appeals. They affirm, procurement, one or two words. And there's nothing you can do. And you're sitting in jail, and no one has ever told you one thing. And even when they do tell you something, it's wrong. So there's nothing can be done. Why not do this in every case? A criminal defendant has a constitutional right to counsel at every critical stage of the proceedings. My question is simple. Is that correct? And I didn't mean as bad or good. I mean, but that has to be correct, isn't it? Why would a defense counsel do anything other than they just feel like it? There's no ethical obligation. Because apparently there's no right to counsel. They have no duty to do anything any further. And why not do this in every case? Just abandon the case. Don't tell the defendant who's sitting in jail for life anything. And then when it comes up, send them the wrong letter with bad information on a forged slip. And nothing they can do. And then when you get appeal of it, get a counsel to just say it's only rehearing. And that's the end of the case. That individual is not without plenty of remedies at his disposal. He can still claim ineffective assistance of appellate counsel up to the point where the court rules. For instance, in this case, Mr. Folks could claim ineffective assistance of counsel in failing to raise an issue on appeal. Ineffective assistance of counsel in raising these issues poorly. A whole host of ineffective assistance of trial counsel. Additionally, if the South Carolina Court of Appeals applied federal law unreasonably, he could challenge that decision in federal habeas court. So this is not a situation where a defendant is left out in the cold with no remedies at his disposal. His remedies are just limited acts or omissions that occur up to the point where the court has ruled. And if counsel files a brief and the court wants to entertain motions before it issues its opinion, it would include that, those issues as well. It's just that that didn't happen. Thank you. Thank you for your answer. I'm good with the answer. Judge Agee, once you go further, it's fine. I'm good. All right. Mr. Ross, you've got time left on rebuttal. So we'll now turn to Mr. Luck. Thank you, Your Honor. May it please the court. I want to talk a little bit about what does or what do Moffitt and Douglas really require? And when does the right to a direct appeal really end? And I think that's important here because... Let's settle something for the beginning. And that is if the only thing before this court and before below, and if we go in a direction that it wasn't presented, fairly presented, the only issue was a failure to file a petition for hearing, this case has to be reversed. Do you agree with that? I would disagree with that, Your Honor. I would disagree with that. Well, Judge Grego didn't. Well, Your Honor, the way I've had to look at this is that when we're looking at Douglas and Moffitt, we're looking at not a hard line rule, not a rule that says that a petition for rehearing is always unnecessary. I want to get into this, but I want to make sure. I think we can hone in to what this case is really about, and that is the question of whether this issue that Judge Grego brought up that says this, and the counsel initially said it was part and parcel, but I'm going to accept that there is an argument that it wasn't raised. But assuming it was raised, and that's where we are, because if we find out it's not raised, then the rehearing thing looks pretty clear to me. I mean, you certainly can argue the other position. I'm not saying there's nothing to be articulated here, but your trial judge went against you on that, and the case law was pretty much against you. But it seems to me that Judge Grego went to the position that there is this notice part, and that was not an adjudication on the merits, for which there was prejudice, and therefore he reversed. He ordered his release, so to speak, unless they gave him the habeas relief. So from your perspective, I guess if we're going to assume it, but I guess you need to probably first address was that issue fairly presented, because that issue is squarely before us. And then if it was squarely presented, that is the issue of notice, which is all the stuff that she did before, of doing nothing. Didn't tell him about it. Just let him sit there. He had no idea that it even had been issued. And when it got issued, sent the wrong letter. That's the issue that's before us, if we assume it was fairly presented. So go in that direction. OK, Your Honor. Well, that was, if you want to look at the order, the original order of Judge Gergel that sets forth the issues for briefing. This is after my appointment. That's a joint opinion. Well, that kind of puts the cart before the horse, counsel, because the issue is whether Judge Gergel sui sponte raised issues that he did not have the authority to raise. So when you read the actual claim made by the defendant, both in the state court and in the 2254 petition, it says appellate counsel was ineffective for failing to file a petition for rehearing. It doesn't say anything about defendant was deprived of his due process rights because I wasn't counseled on my options. I could have filed my pro se notice of appeal. I could have obtained other counsel. Doesn't say anything about that. So you've now gone through a state court adjudication and a filing in the federal court where the plain language of the issue raised is completely ineffective for failing to file a petition for rehearing. There isn't anything else included. So why doesn't that end the case right there? Your Honor, look at that. We need to look at how this petition wasn't filed. This isn't in a situation where someone forgot to do it and it wasn't filed, but we need to look at the why. He doesn't claim there was some error in the deliberative process. I wasn't consulted. It's my understanding under South Carolina law that the decision on whether or not to file any of the discretionary appeals is solely that of counsel. It's not that of the party, of the defendant. So I'm having a very difficult time understanding how we get to all these ancillary points when the plain language of the claim before the court that was adjudicated was simply failing to file a petition for rehearing. Well, Your Honor, again, if a petition was not filed and it wasn't, we have to look at the circumstances of why it wasn't filed. I mean, we can't look at it in the abstract. We have to say it wasn't filed and we have to look at the why. Why wasn't it filed? So it wasn't filed and the Supreme Court seems to be pretty clear and Judge Gerbel agreed that on a discretionary appeal, which is all the defendant was entitled to at that point, there is no right to effective assistance of counsel. I mean, it's not our rule. It's not written in the statute. That's what the Supreme Court has said. And we're not at liberty to change that. Yes, Your Honor, but was he receiving his discretionary appeal at that point? Because South Carolina is slightly different from a lot of other states in that a petition for rehearing in South Carolina is not the same as a petition for rehearing in really any of the other states cited by the warden in that it is a petition for rehearing in Texas and in Florida is totally superfluous and unnecessary. Whereas in South Carolina, it really has the same status almost as a directed verdict or a new trial motion. It's theoretically... I thought the South Carolina Supreme Court had said that that was purely a discretionary appeal, that there was no appeal of right in that circumstance. Is that right or wrong? That's what I believe on the case you're citing says that. But then the South Carolina Appellate Court rules also say that a discretionary appeal to the South Carolina Supreme Court cannot go forward, cannot, unless a petition for rehearing is filed at the Court of Appeals. But what South Carolina rule or South Carolina statute entitles the defendant as a matter of right to the petition for rehearing in the South Carolina Court of Appeals? Well, a South Carolina rule is not entitled as of right, but it is part and parcel. Let me rephrase that. You have an appeal of right to the Court of Appeals, and the petition for rehearing is, I hate to say part and parcel, but it's part and parcel of that appeal. Unlike Texas, unlike Florida, unlike... Do you have a South Carolina case or a South Carolina statute that says the petition for rehearing is a matter of right, it is a matter of direct appeal, as opposed to discretionary? I thought even the counsel had testified in this case, the state public defender, that it was purely discretionary with counsel. It is discretionary in that it doesn't have to take place, Your Honor. But look at Rule 242C of the South Carolina Appellate Court Rules. You cannot proceed before the South Carolina Supreme Court without filing a petition for rehearing. Well, that's your basic argument against it being discretion. That is, South Carolina is different from other states because you have to file this petition for rehearing as a requirement for certain of that rule there. That is a little different. And it really can go, the question then becomes, does that take it out of being discretionary? Because then it becomes part of what you think is a direct appeal, which there is a right to appeal. So that's why if you stick with your position that only, or if the position is made only a matter was brought up dealing with the failure to file the rehearing, then you walk in this path, which is pretty tough to go there. But that's the question right there. They're just hitting it right on the head there. But then when you, if you can subsume or come to the conclusion that Judge Gergel did, and that is what you were attempting to say, that it's maybe part and parcel to the same issue, all this was discussed below, all of that business of the counsel not notifying of abandonment of the letter coming up, that was a lot of discussion of it. So it's not like it was not presented at all to the South Carolina court. And because the issue here is, was it fairly presented? And so when you, if you come to the conclusion it was fairly presented, then that's where you would take your analysis. So you can either stick with the failure to file, but we already at a choice point there, and that is the question of does this cert, does this requirement for cert alone makes it something else other than discretionary? Or you can go to where Judge Gergel went, because even Judge Gergel went on another issue the other way, and that is that you have this notice requirement, which the Sixth Circuit has recognized as possible. Is that an adjudication on the merits? Yes, Your Honor, you've laid that out very well. And I believe that Judge Gergel does as well. And that's, yeah, I'll step back from the petition for rehearing issue. Yes, that's the point. It's laid out well, but we want you to comment on it. I mean, we need something other. I think it's very clear that is the issue. But when you get there, is it an adjudication on the merits? Because if it is an adjudication on merits, we slide back on over to the offer cases. We're back over there in the rehearing situation, which is going to lead to a reversal. If it's not, then it moves you toward the no vote review. And may I ask you one thing, Mr. Locke? This issue that Judge Wynn is speaking of is of interest to me as well. But before you answer his particular question in that regard, let's assume that that notice issue wasn't raised below in the state habeas and thus not exhausted. Is there any, and forgive my unfamiliarity with the labyrinthing procedures under South Carolina habeas law, but is there any state bar, South Carolina state court bar now, to your client filing a new state habeas in South Carolina state court to raise and exhaust that notice issue, assuming it wasn't raised previously? Your Honor, I am not prepared to answer that, whether there is an opportunity for a second PCR petition. I typically do not see subsequent PCR petitions considered, so I can't give you a clear answer to that. I apologize for that, but that's something to definitely research and review. Understood. It's an excellent question. It's an excellent question, though, he's bringing up. That is, if it wasn't brought in the first instance, the first round, of course, you've got questions of should it have been brought. It gets a little muddled there on it, but I thought that was an excellent question. But, so, Your Honor, yes, in terms of issues of notice, what was brought before the court, the state court at least, the letter, which no one, I think, Judge Winn, you've described in great and accurate detail. The letter was, the September 28, 2010 letter was put before the court. The situation as to where, the situation of Mr. Folt's representation was in front of the court, and Quinn, Ms. Robinson, his original attorney, was, did leave 10 days before the opinion. So, mid-appeal, not after the opinion, but mid-appeal. That was brought before the state habeas, or the state PCR court, sorry. I'll call it the PCR court, which is our habeas in South Carolina. So, these issues are there. Let me ask you a question, and I'll probably just yield my colleagues at the end of this, but I want to ask, I want to get an understanding of this. If we accept the government's position, it doesn't matter, even if it was the broader issue brought to it, that even notices before it is still, the client still loses. So, in the ultimate scheme of things, is the result of a ruling in that matter, such that, from henceforth, in South Carolina, there's no need for a counselor to do anything once you file a matter in the Court of Appeals of South Carolina. I mean, you don't have to file a rehearing, you don't have to do cert, because you can't do that without doing a hearing, and you can even send a letter with bad information, and there is no habeas relief that would follow from those kinds of actions. Is that the case? So, if that's the case, then why would, I mean, why not just take the money and run? Which, you know, I mean, in this case, the person was appointed, but you're talking about a paid counselor.  So, once you've done that, don't do anything else. Your Honor, that is the position that it looks like the state wants to take here, and I can tell you that it's more dangerous than what you described there, because in the process of handling an appeal, you don't just file a brief and walk away. I mean, you have to monitor case law. There's going to be intervening case law from the filing of initial briefs until potential oral argument, or if it's being decided on the briefs, there's still going to be intervening case law you must monitor. If it's relevant, you need to provide notice to the court. South Carolina has a rule specifically allowing for this. There is more to appellate representation than simply filing the brief and walking away, and if we're allowed, if the court allows it. Well, doesn't that bring us back to the threshold issue, really? I mean, you could raise all those things as your claim in the state PCR court. South Carolina could adopt whatever state habeas remedies it wishes specifically to cover that, but it seems like to me it brings you back to the threshold issue. If that's the issue that had been raised and put before the court, then the state PCR court could have adjudicated those points. I think the state's position is that it wasn't. And so I think it's pretty clear, if you look at the transcript, that Ms. Robinson's abandonment was in front of the state habeas court, though. So perhaps it's not in the written petition, and we'll say state habeas court, state PCR court. Her abandonment was put before the court. The letter that was forged by the paralegal was put before the court. But the key to that is that that is correct, that if that's the only issue raised, but the government takes position that it doesn't matter. It could have been just a failure to file, but even if Judge Gergel is correct that this issue was fairly presented, there's not an adjudication on the merits. So the reason I went with the ultimate on it, the ultimate conclusion, is that if you go in that direction, you don't have that avenue available. You know, to go in the direction that if it was just a failure to file, well, then we'll wait for the next day to find out if that's so. But the government makes the argument that even if it was presented, fairly presented, it still wasn't an adjudication on the merits. So how do you escape the conclusion that a counsel doesn't have to do anything in South Carolina once you file these things in a state court of appeals, at least from a habeas perspective? Well, I don't agree with that position, Your Honor, and I think that that's what Douglas and that's what Moffitt exists for, to prevent an abandonment like what you're describing. And that's what these cases specifically allow for, an appeal, one appeal of right. An appeal of right, an appeal is more than just filing the briefs. Appellate representation is more than just a notice of appearance and a brief. It is a continuing process that continues until, according to the state, it continues until an opinion is issued. Well, tell us how that argument jives with the Supreme Court's decision in Wainwright v. Tarna. Because in that case, appellate counsel filed the appeal late and the Supreme Court said it didn't make any difference. There was no right on the appeal for effective assistance of counsel. What's the difference between that case and this case? So Wainwright, if I remember correctly, this is a Florida case that was to the Florida Supreme Court, if I remember correctly, right? And if that's the case, it was filed, if it's to the Florida Supreme Court, that is a discretionary appeal. In filing the petition, the petition to the highest court is a discretionary petition. We're not talking about what happens at the court of appeals. The mandatory, the appeal of right court below that. And I think that's the big distinction we need to look at with a lot of these. So is your position that the filing of the petition for rehearing with the South Carolina Court of Appeals is a mandatory direct appeal and not discretionary? In this case, yes, Your Honor. Of course, that's another issue that we're sort of on two tracks of argument of issues here, and I definitely want to talk about that, and I think I have, and I've mentioned that already in my briefs. Yes, it's in the fact that it is necessary. You cannot proceed if Douglas and Moffitt hold that. I see my time's up. May I finish my? Yeah, yeah, go ahead. We went over with Mr. Ross. I'll certainly give you at least another minute. Thank you, Your Honor. So if Douglas and Moffitt truly hold that an indigent criminal defendant is entitled at the end of his appeal of right, if he is entitled to present a discretionary appeal. Can you go back maybe a paragraph or so because you froze up, at least on my screen. So say that again. Okay, if Douglas and Moffitt hold that an indigent criminal defendant at the end of his appeal of right, if that indigent criminal defendant at the end of his appeal of right, he is entitled to have the tools necessary to pursue a discretionary appeal. Now, that's Moffitt, page 615. That's the warden's brief, page 17 and 24. If under Douglas and Moffitt you are entitled to have the tools to pursue. Sorry, I see I froze up again there. Give it another shot. All right. So if under Douglas and Moffitt you are entitled to have these tools necessary to pursue discretionary review, then they were not met here because the tools to pursue discretionary review in South Carolina include a petition for rehearing. Let me ask you this question because this may be where we can get some clarification. When does a direct appeal end in a criminal case in South Carolina? When do you maintain that the direct appeal ends? Under these circumstances, Your Honor, I have to say that direct appeal in South Carolina, not in Texas, not in Florida, in South Carolina, it ends upon the filing of the petition for rehearing. The rules of court in South Carolina state that the opinion of the Court of Appeals is not final until it is filed. And that's rule 242 of the rules of appellate court, of South Carolina rules of appellate procedure. And if you don't file a petition for rehearing, when does it end? It ends upon remitter from the court. And it's unfortunately, it's that it does end, but it will end if you do not file your petition for rehearing. It will end if you refuse, if you fail to file it, I believe 15 days after the opinion. All right. Mr. Luck, you got anything else you want to add? No, Your Honor, unless you all have any other questions, I'm happy to let the stakes be. All right. Judge Folt, Judge Wynn, any further questions for Mr. Luck? Thank you, Judge Agineau. All right. Hearing none, Mr. Ross, you've got some time in rebuttal. Yes, Your Honor, if I could just address the separate issue arguments. The court is correct in noting whether or not notice was presented was never raised as a separate issue in state court. It was never raised as a separate issue in federal court. In federal court, the only question is whether or not the state court's decision was reasonable. Mr. Folt's never articulated this as a second cause of action. But even if we address the issue of notice as implicit in filing that petition for rehearing, edpedeperance would apply because implicit in the state court's decision is that it doesn't matter. Is it a question of implicit in it or is the question was it fairly presented? It might sound like the same thing, but it looks like to me there's a little difference between being implicit, which says you don't have to do anything if it's implicit in it. But fairly presented indicates the court addressed it. It was before the court. It wasn't. It was not fairly presented. Under the procedural default rules, you have to raise a claim face up and squarely. So if you're going to say that this is a separate issue, you need to face up and squarely raise it as a separate issue in state court. But because that didn't happen here, even if this court wants to consider it, it would have to consider it through the lens of EDPA because it's the state court's decision not to find that whether or not there was a duty to provide notice. And when we're talking about duty to provide notice, I think it's important to look at the Second Circuit's decision in U.S. v. Pena. Pena was a case. It was in federal district court where he was tried, convicted, filed an appeal that was rejected. And then Mr. Pena claimed ineffective assistance of counsel because he alleged his attorney didn't notify him of the outcome on appeal. And the Second Circuit distinguished between counsel's obligations, professional obligations, and constitutional right to counsel. The Second Circuit held there was no constitutional right after the court had ruled. So regardless of whether or not it's sound professional practice, what we're considering is not whether or not the attorney committed malpractice or violated an ethical duty. We're trying to figure out if a constitutional violation occurred. And it didn't occur in Pena. And the reason it didn't occur is because Strickland is not designed to ensure quality legal representation. Strickland is designed to ensure reliability of convictions. Let me ask you a question, Mr. Ross, if I may. If the case, if the court were to conclude that the notice issue was not raised in the state habeas proceedings, is there anything that you know of that would prevent this court from remanding the case to permit under Rose v. Lundy the client to go back to state court while the federal habeas proceeding in the district court has stayed, exhausted, and come back for adjudication of this notice issue in due course? I'm not aware of anything, your honor. I think he has to. The statute of limitations would probably apply as well. To this day, he's never raised it as a separate issue. Do you let me ask you this. Do you mean the federal statute of limitations or are you speaking of the state? The federal statute of limitations may come into play as well, your honor. Well, if the court permitted through a tolling argument or maybe tolling is not even necessary if the case has stayed after the mandate issue is here, assuming that wasn't a bar, is there anything that would prevent a Rose stay to go back to the state court and present this notice issue, exhausted and come back around to the state case? I would look to the Supreme Court's decision in Picard versus Connor. I believe that's from the 70s, your honor, and that addresses whether or not an issue is one issue or two, whether or not we're talking about a claim that's implicit in one raised or whether or not we're talking about two separate issues. So that that case may prevent this court even remanding to analyze it as a separate issue, because it could find that implicit in the petition for rehearing is the determination of what are the duties of counsel after the court of appeals is. All right. Does that answer your question, Judge Volk? Thank you, Judge Agee. It does. All right. Anything else, Mr. Ross, before we wrap up? Nothing from the state, your honor. Well, we thank both counsel for their briefing and excellent arguments today. Mr. Luck, I know your court appointed, and I want to express the gratitude of the court for your agreeing to undertake this task, because we could not do our job without assistance from able counsel like you. So I'll ask Anisha, if you're listening, to go ahead and adjourn court for the day and then move the judges to wherever you put them. Thank you. This honorable court adjourns until Tuesday. God save the United States and this honorable court.
judges: G. Steven Agee, James Andrew Wynn, Frank W. Volk